IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVID CODREA<br>75781 Valley View Road<br>Hudson, OH 44236 | ) COMPLAINT<br>) Freedom of Information Act<br>) (5 U.S.C. §552) |
| Plaintiff, | ) Civil Action No. ________________ |
| v. | ) |
| BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES<br>99 New York Ave. NE<br>Washington, DC 20226 | ) |
| Defendant. | ) |

Comes now David Codrea ("Codrea"), by and through undersigned counsel, and allege as follows:

1. This is an action under the Freedom of Information Act, 5 U.S.C. § 552, for injunctive and other appropriate relief and seeking the disclosure and release of agency records improperly withheld from Plaintiff by Defendant Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF").

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 and 5 U.S.C. §552(a)(4)(B).

3. Venue lies in this district under 28 U.S.C. §1391(e).

**PARTIES**

4. Plaintiff David Codrea ("Codrea") is an adult male resident of the state of Ohio and an internet blogger and Second Amendment journalist. In 2011, Codrea was named "Journalist of the Year" by the Second Amendment Foundation for his groundbreaking

work exposing the "Fast and Furious" ATF "gunwalking" scandal, and was a co-recipient of Soldier of Fortune Magazine's "2nd Amendment Freedom Fighter Award," and Jews for the Preservation of Firearms Ownership's "David and Goliath Award" for his work on that story. He was also named a 2014 Defender of Liberty by the Second Amendment Foundation.

5. Defendant ATF is an agency within the meaning of 5 U.S.C. § 552(f). Defendant ATF has possession, custody and control of records to which Plaintiff seeks access.

**STATEMENT OF FACTS**

6. On November 23, 2020, Plaintiff transmitted a Freedom of Information Act ("FOIA") request to Defendant ATF. The FOIA was submitted via email. A true and correct copy of the FOIA is attached as Exhibit "A."

7. Mr. Codrea requested documents from the ATF in response to a story about a handgun "disappearing" from a vehicle owned by Hunter Biden. It was widely reported that this was investigated by the United States Secret Service[1] and Bureau of Alcohol, Tobacco, Firearms and Explosives.

8. Plaintiff's FOIA requested the following:

- copies of law enforcement and administrative reports, communications, correspondence, and work papers, including with internal State of Delaware DOJ, the Delaware State Police, any local law enforcement and any relevant federal agencies including ATF and the United States Secret Service. This includes any case handling instructions from overseeing administrative authorities and/or agencies that would explain why over two years later, there has still been no public report or explanation as to the way the case has been resolved and why.

[1] The Secret Service was the subject of a separate FOIA lawsuit, *David Codrea v. United States Secret Service*, Civil Action No. 21-01167 (CRC) which was voluntarily dismissed after the Secret Service furnished a declaration stating it had no responsive records. *See id*. at Docket No. 6.

9. On February 26, 2021, the ATF provided an acknowledgement letter. *See* Exhibit "B".

10. On March 31, 2021, the ATF sent an initial "final response" advising that the agency was "not able to locate any responsive records subject to the Freedom of Information Act." *See* Exhibit "C".

11. After receipt of that letter, the ATF withdrew that "final response" and said it would conduct additional searches.

12. On May 12, 2021, the ATF formally denied Plaintiff's FOIA stating that the ATF "initially conduct[ed] a search for records responsive to Mr. Codrea's FOIA request, but [has] since determined that this was an error because the subject of this particular records request is a third party and a private citizen." The ATF alleged that the request "should have been denied categorically without a search due to the substantial privacy interests retained by the subject of Mr. Codrea's request." *See* Exhibit "D".

13. This letter explained that Mr. Codrea could provide additional information to demonstrate the "public's interest in this subject matter outweighs the privacy interests of the third party" and that the ATF would be willing to reconsider its decision.

14. On May 24, 2021, Mr. Codrea provided ATF additional information about the public's interest in the subject matter of the FOIA; the subject's (Hunter Biden) admitted illegal drug usage; and among other things, reports of the subject's firearm purchasing paperwork turned over to ATF. *See* Exhibit "E".

15. Of note, Mr. Codrea argued to the ATF that the public interest outweighed Mr. Biden's privacy interest:

> Mr. Biden, the son of the sitting President, purchasing a firearm, answering "no" on the 4473 question whether he is "an unlawful user of, or addicted

> to, marijuana or any depressant, stimulant, narcotic drug, or any other controlled substance”,[2] losing that firearm, and the public’s right to know what its government is up to, is of such clear public interest, it is hard to find a way to argue that Mr. Biden’s privacy interest (whatever that interest is after he wrote a book detailing his drug and alcohol addictions) outweighs release of whatever records ATF may have responsive to the FOIA. Mr. Biden is clearly unconcerned about the release of his drug usage history, as he plainly discusses them in his book. *Id*.

16. Further, Mr. Codrea argued that this matter is of “such a public interest that twenty-two House of Representative members are asking that Mr. David Chipman ‘publicly commit to investigate allegations that Hunter Biden falsified information during a background check in order to illegally obtain a firearm…’”[3] *Id*.

17. Mr. Codrea further argued that “Mr. Hunter Biden’s ‘privacy interest’ is completely outweighed by the public interest in this matter. His “privacy interest” is further degraded by his own admissions of his consistent drug and alcohol usage from his book and interviews in which he has participated.” *Id*.

18. By email dated June 11, 2021, the ATF stated the following: “While I understand your client’s position and have reviewed the letter, I still believe the privacy interests at stake here preclude ATF from processing David Codrea’s request. For this reason, my original denial of the requests stands, but you are of course welcome to appeal to OIP. I do not intend to consider this request any further.”

19. Plaintiff appealed the ATF’s denial on June 13, 2021 via FOIA STAR. *See* Exhibit “F”. The Appeal was assigned Appeal Number A-2021-01984.

---

[2] *See* https://thefederalist.com/2021/03/26/read-the-gun-background-check-form-where-hunter-biden-claimed-he-wasnt-using-drugs/ (copy of 4473 in article).

[3] https://good.house.gov/sites/evo-subsites/good.house.gov/files/evo-media-document/Letter%20to%20Nominee%20Chipman.pdf

20. On August 4, 2021, the Office of Information Policy denied Plaintiff's appeal that the ATF refused to "confirm or deny the existence of records responsive to your client's request." *See* Exhibit "G".

21. As detailed in Plaintiff's appeal and correspondence to the ATF, the privacy interest of the subject of the FOIA is outweighed by the subject's admissions of illegal drug use, his writing a book about his illegal drug usage, and reports of the firearm he purchased while potentially lying about his illegal drug usage.

22. Because the public's interest in these documents outweighs any purported privacy interest, the ATF should produce all documents responsive to Mr. Codrea's FOIA request.

23. The ATF's website states that it is "a law enforcement agency in the United States' Department of Justice that protects our communities from violent criminals, criminal organizations, the illegal use and trafficking of firearms, the illegal use and storage of explosives, acts of arson and bombings, acts of terrorism, and the illegal diversion of alcohol and tobacco products. We partner with communities, industries, law enforcement, and public safety agencies to safeguard the public we serve through information sharing, training, research, and use of technology."[4]

24. Producing these documents would serve to shed light on the performance of ATF's statutory duties in prosecuting illegal firearm crime, including those who are prohibited persons; the reasons why some persons are not prosecuted; and among other things, the unequal application of firearms laws to certain well-connected individuals.

**COUNT I**
**(Violation of FOIA, 5 U.S.C. §552)**

25. Plaintiff realleges the preceding paragraphs as if fully stated herein.

[4] *See* https://www.atf.gov/.

26. Defendant ATF is unlawfully withholding records requested by Plaintiff pursuant to 5 U.S.C. §552.

27. Plaintiff is being irreparably harmed by reason of Defendant's unlawful withholding of records responsive to Plaintiff's FOIA request, and Plaintiff will continue to be irreparably harmed unless Defendant ATF is compelled to conform their conduct to the requirements of the law.

**WHEREFORE**, Plaintiff respectfully requests that the Court:

(1) Order Defendant to conduct a search for any and all responsive records to Plaintiff's FOIA request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA request;

(2) Order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA request, and a *Vaughn* index of any responsive records withheld under claim of exemption; or in the alternative, Order the ATF to explain why no records exist;

(3) Enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request;

(4) Grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. §552(a)(4)(E); and

(5) Grant Plaintiff such other relief as the Court deems just and proper.

Dated: August 18th, 2021.

Respectfully Submitted,
DAVID CODREA

***/s/ Stephen D. Stamboulieh***
Stephen D. Stamboulieh
Stamboulieh Law, PLLC

P.O. Box 428
Olive Branch, MS 38654
(601) 852-3440
stephen@sdslaw.us
DC District Court Bar# MS0009
*Counsel for Plaintiff*